No. 12,182

## VAUGHT *v.* THE BOARD OF COMMISSIONERS OF JOHNSON COUNTY.

NEGLIGENCE.—*Defective Bridges.*—*Board of County Commissioners.*—*Damages.* —Under section 2892, R. S. 1881, it is the duty of the board of commissioners of a county in this State to cause all bridges over which it has control to be kept in repair, and if it negligently suffers such a bridge to remain out of repair, and a person, in the ordinary use of the same, is injured in person or property, without any fault of his own, he can maintain an action for damages against such board.

SAME.—*Bridges Built and Maintained by Township.*— *Highway.*—Where a bridge, located upon and constituting a part of a public highway, has been built and maintained by township authorities, it is still the duty of the board of commissioners to see that it is kept in repair, and for failing in this duty it is liable, although it has never accepted, recognized, or in any way adopted the same as a county bridge. MITCHELL, J., doubts.

From the Johnson Circuit Court.

*J. L. White* and *W. J. Buckingham,* for appellant.

*T. W. Woollen* and *D. D. Banta,* for appellee.

COLERICK, C.—This action was brought by the appellant against the appellee to recover damages for injuries to his property, caused by a defective bridge. The issues were tried by the court, which, at the request of the parties, made a special finding of the facts in the case, and stated its conclusions of law thereon, as follows:

" 1. In the year 1870, the township authorities of Franklin township, Johnson county, Indiana, constructed a bridge over Hurricane creek, forty-five feet long and fourteen feet wide, on the line of a public highway crossing said creek, running north and south on a line between two sections, from a gravel road on the south to a gravel road on the north.

" 2. That said highway and bridge have been worked and kept in repair by the labor and funds of the road district and township, and that said highway and bridge have been constantly used and travelled by the public since the erection of

the bridge in the year 1870, and said highway and bridge have been and are of great public utility and convenience.

"3. That the original cost of constructing said bridge was $200.

"4. That previous to July 31st, 1883, the said bridge had been permitted to fall into decay, and on said date was greatly out of repair and unsafe for teams and horses to pass over it, and on said day the plaintiff, while travelling along said highway, drove upon the bridge with a team of horses and a wagon, and without any fault or negligence on his part, and exercising due and reasonable care, and by reason of the decayed and unsafe condition of the bridge, his two horses and wagon broke through the bridge, and his horses were bruised and injured, so that they were made less valuable by the sum of $65, and he was deprived of their use and labor in the value of $10, and that the above claim was filed before the board of commissioners of the county of Johnson, and refused, before the bringing of this action to recover the same.

"5. That said bridge had been built, repaired and maintained by the township officers alone, and the board of commissioners have never accepted, recognized, repaired, or in any way adopted said bridge as a county bridge.

"6. That the bridge had been out of repair for more than one year, which was a sufficient length of time to put them on their notice, if in law they were required to repair the same.

"CONCLUSIONS OF LAW.

"1. I conclude from the foregoing facts, that, the bridge being a township and not a county bridge, the defendant was not charged to maintain or repair the same.

"2. That plaintiff take nothing by his suit, and I find for the defendant."

To which conclusions of law the appellant, at the proper time, duly excepted, and thereupon, the court, upon said finding of facts and conclusions of law, rendered a judgment against the appellant, from which he appeals to this court.

The only question submitted for our consideration is, Did the court err in its conclusions of law?

The statute provides that "The board of commissioners of such county shall cause all bridges therein to be kept in repair," etc.   R. S. 1881, section 2892.   This provision of the statute has been in force since August 17th, 1855.   See Acts 1855, p. 18, section 11.   Under this statute, it is the imperative duty of the board of commissioners of a county in this State to cause all bridges over which it has control to be kept in repair, and if it negligently suffers such a bridge to remain out of repair, whereby a person, in the ordinary use of the same, is injured in person or property, without any fault of his own, he has an action against such board for damages resulting from the injury, although such action is not authorized expressly by statute.   *House* v. *Board, etc.,* 60 Ind. 580 (28 Am. R. 657); *Pritchett* v. *Board, etc.,* 62 Ind. 210; *Board, etc.,* v. *Pritchett,* 85 Ind. 68; *Board, etc.,* v. *Deprez,* 87 Ind. 509; *Board, etc.,* v. *Brown,* 89 Ind. 48; *Board, etc.,* v. *Legg,* 93 Ind. 523; *Board, etc.,* v. *Emmerson,* 95 Ind. 579; *Board, etc.,* v. *Bacon,* 96 Ind. 31; *Patton* v. *Board, etc.,* 96 Ind. 131.

Upon the facts found by the court in this case, the appellee was liable to the appellant for the damages sustained by him. The bridge in question was under the control of the board of commissioners, and, therefore, it was bound to keep the bridge in repair, and can not escape liability by showing that the bridge had been built, repaired and maintained by the township officials alone, and had never been accepted, recognized, repaired, or in any way adopted as a county bridge by the board of commissioners.   It was located upon and constituted a part of a public highway over which the board of commissioners had exclusive dominion, and it was the duty of the board to keep it in repair.   This point was expressly decided by this court in *Board, etc.,* v. *Bacon, supra,* where it was held that the failure of the township officials to keep such a bridge in repair is no excuse for the failure of duty on

the part of the board of commissioners to do so, as it was incumbent upon that body to see that the bridge was kept in repair. The views there expressed by this court are in harmony with, and supported by, those stated in the cases of *Board, etc.,* v. *Emmerson, supra,* and *Board, etc.,* v. *Brown, supra.* In the first of the two cases last named it was held that " when either a township trustee or supervisor omits to give a bridge within his territory proper attention, it is the duty of these boards to cause the omission to be supplied without unreasonable delay." And in the case last named it was held that a primitive structure of logs or slabs, two feet above ground, built over a pond by road supervisors, was such a bridge as the county was bound to keep in repair.

The appellee calls our attention to the case of *Board, etc.,* v. *Legg, supra,* as supporting the conclusion of law reached by the court below, that the appellee was not liable because the bridge was erected by the township authorities. An examination of the case will show that no such question was therein involved, and hence it is not in point. The later case of *Board, etc.,* v. *Bacon, supra,* did directly involve the question, and is decisive of this case.

The court erred in its conclusions of law, and for the error so committed the judgment should be reversed.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded, with instructions to the court to state conclusions of law upon the facts specially found in accordance with this opinion, and render judgment thereon in favor of the appellant for $75 and costs.

MITCHELL, J., doubts.

Filed March 20, 1885.