The Board of Commissioners of Knox County v. Montgomery.

No. 12,731.

THE BOARD OF COMMISSIONERS OF KNOX COUNTY v.
MONTGOMERY.

| 109 | 69 |
|-----|-----|
| 131 | 59 |
| 131 | 419 |
| 109 | 69 |
| 137 | 144 |
| 138 | 614 |
| 109 | 69 |
| 140 | 205 |
| 142 | 472 |
| 109 | 69 |
| 146 | 527 |

REVIEW OF JUDGMENT.—*Conclusiveness of Order Granting.—Appeal.—Pleading.*—A judgment granting a review of a judgment rendered upon the sustaining of a demurrer to a complaint, is, if not appealed from, conclusive as to the sufficiency of both the complaint for review and the complaint in the former case.

ACTION.—*Motion to Dismiss.—Bill of Exceptions.—Supreme Court.*—If a motion to dismiss an action in the trial court is not brought into the record by a bill of exceptions, no question relating thereto is presented on appeal.

COUNTY.—*Bridges.—Liability for Negligence.*—Counties are liable for injuries caused by negligence in constructing or maintaining bridges.

SAME.—*Evidence.—Establishment of Highway.— Validity of Proceedings.*—In an action against a county to recover for injuries caused by a defective bridge, evidence that the county commissioners assumed to establish the highway of which the bridge is a part, is competent, although it may appear that there are errors and irregularities in the proceedings. The validity of such proceedings can not be inquired into in such case.

NEGLIGENCE.—*Complaint.—Sufficiency After Verdict.*—Where a complaint alleges facts from which negligence may be inferred, it is good after verdict, although the word "negligence" is not used in characterizing the conduct of the defendant.

From the Gibson Circuit Court.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger,* for appellant.
*G. G. Reily, W. C. Niblack, J. H. Miller* and *J. E. McCullough,* for appellee.

ELLIOTT, C. J.—At the December term, 1883, of the commissioners' court of Knox county, the appellee presented a claim for an allowance for injuries sustained by falling through a defective bridge. The claim was not allowed, and an appeal was taken to the circuit court. At the February term, 1884, of that court, an amended complaint was filed, to which a demurrer was sustained, and final judgment entered. At the May term of that year the appellee filed a complaint to review that judgment. A demurrer was filed and overruled to the complaint for review.

It is insisted by the appellee that, as the court overruled

the demurrer to the complaint for review, and as the appellant did not appeal from that ruling, he is bound by it, for the effect of the judgment overruling the demurrer was to reinstate the former case. The authorities support this position. The judgment ordering a review, not having been appealed from, concludes the appellant.

In *Brown* v. *Keyser*, 53 Ind. 85, it was said: "A judgment for or against a review of a former judgment puts an end to the action for a review." This doctrine is approved in *Keepfer* v. *Force*, 86 Ind. 81. This principle disposes of all that is said by appellant's counsel in their attack upon the complaint for review.

It is contended by counsel for the appellant, that the Gibson Circuit Court, to which the case was sent upon change of venue, erred in overruling the motion to dismiss. This motion is not exhibited in a bill of exceptions, and consequently no question is presented for our consideration. *Washington Ice Co.* v. *Lay*, 103 Ind. 48; *Crumley* v. *Hickman*, 92 Ind. 388; *Yost* v. *Conroy*, 92 Ind. 464 (47 Am. R. 156), and cases cited.

One of the causes assigned for a new trial is, that the court erred in admitting in evidence the record of the commissioners of Knox county ordering the location of the highway of which the bridge formed a part. Various objections to the proceedings are urged by the appellant, but none of them are available. In such an action as this there can be no inquiry as to the validity of the proceedings by which the board of commissioners assumed to establish a highway. It is enough to prove that the board assumed to establish the highway, and that the commissioners recognized the highway as one belonging to the county, and under their control. Evidence that they assumed to establish the highway is competent, although it may appear that there were the gravest errors and irregularities in the proceedings. *Houfe* v. *Town of Fulton*, 34 Wis. 608 (17 Am. R. 463).

The liability of counties for negligence in constructing or

maintaining bridges is no longer an open question in this State, for there are many cases declaring that they are liable. *Board, etc.,* v. *Rickel,* 106 Ind. 501, see p. 502; *Vaught* v. *Board, etc.,* 101 Ind. 123; *Board, etc.,* v. *Bacon,* 96 Ind. 31; *Patton* v. *Board, etc.,* 96 Ind. 131; *Board, etc.,* v. *Emmerson,* 95 Ind. 579; *Board, etc.,* v. *Legg,* 93 Ind. 523 (47 Am. R. 390); *Board, etc.,* v. *Brown,* 89 Ind. 48; *Board, etc.,* v. *Deprez,* 87 Ind. 509; *Board, etc.,* v. *Pritchett,* 85 Ind. 68; *Pritchett* v. *Board, etc.,* 62 Ind. 210; *House* v. *Board, etc.,* 60 Ind. 580 (28 Am. R. 657).

The complaint is sufficient after verdict. If it were granted that it would be bad upon demurrer because of the failure to characterize the conduct of the appellant as negligent, by the use of the epithet negligence, still, there are facts stated from which negligence may be fairly inferred, and this certainly makes the complaint good after verdict, if, indeed, it would not be good upon demurrer. The question, however, does not come to us upon demurrer. In truth, the question is not legitimately before us in this action in any form, for the sufficiency of the complaint was established by the judgment in the action brought to review the judgment declaring the complaint bad. As that judgment is conclusive it can not be overthrown in this appeal.

Judgment affirmed.

Filed Dec. 22, 1886.