Filed April 23, 1887.

———————◆ •———————

No. 12,566.

## THE BOARD OF COMMISSIONERS OF HOWARD COUNTY *v.* LEGG, ADMINISTRATOR.

COUNTY.—*Defective Bridges.*—*Negligence.*—*Liability.*—Counties are liable for negligence in constructing and maintaining bridges upon public highways.

SAME.—*Presumption that Bridges are Safe.*—A traveller upon a public highway, without knowledge of defects in bridges forming parts thereof, and himself exercising proper diligence, has a right to presume that such bridges are in a safe condition, and to act upon that presumption.

SAME.—*Tendency of Timber to Decay.*—*Counties Chargeable with Knowledge of.*
—Counties, through their proper officers, are chargeable with knowledge of the tendency of timber to decay, and for the failure to exercise rea-

sonable care in providing against bridges becoming unsafe because of decaying timbers, they are liable for resulting injuries.

SAME.—*Condition of Bridges.—Care Required to Ascertain.—Notice of Defects.—When Inferred.*—A county, by its proper officers, must exercise reasonable care to ascertain the condition of and to repair its bridges, and if there are defects of such a character, and which have existed for such a length of time, that the county, by the exercise of reasonable care, might have discovered them, notice to it may be inferred.

SAME.—*Size of Bridge and Character of Stream Immaterial.—Ditch.*—The board of county commissioners has general supervision over the bridges of the county, and must exercise reasonable care in keeping all bridges upon the public highways of the county in a safe condition, regardless of the size of the bridge or the character of the streams or ditches over which they are constructed.

SAME.—*Damages.— What not Excessive.*—Five thousand dollars damages for the death of a sober, industrious and competent laborer, without means, thirty-six years old, who provided for his family as best he could, and who left surviving him a widow and six young children, are not excessive.

INSTRUCTIONS TO JURY.—*Assuming Fact.*—Where a fact is established without any conflict or contradiction, it is not an available error for the court to assume the existence of such fact in charging the jury.

SAME.—*Refusal to Give Unsigned Instructions.*—Instructions not signed by the party asking them, or by his attorney, as required by statute, may be refused without error.

From the Clinton Circuit Court.

*J. O'Brien, C. C. Shirley, J. C. Suit* and *M. Garrigus,* for appellant.

*J. P. Kemp, J. N. Waugh, S. O. Bayless, D. Moss, R. R. Stephenson* and *W. O. Dean,* for appellee.

ZOLLARS, J.—Zephaniah Davis was killed by the falling of a bridge over which he was driving with a loaded wagon. The administrator of his estate prosecutes this action for damages, claiming that the county was at fault in not keeping the bridge in repair and in a safe condition for the use of persons travelling upon and over the highway. The case went on changes of venue, first to the Hamilton, and then to the Clinton Circuit Court, from which this appeal was taken.

The case has been twice tried upon the third paragraph of the complaint. That paragraph, having been held to be sufficient upon the former appeal (*Board, etc.*, v. *Legg*, 93 Ind. 523), will not be further considered. *Hobson* v. *Doe*, 4 Blackf. 487; *Dodge* v. *Gaylord*, 53 Ind. 365.

Five thousand dollars were awarded as damages. It is claimed on behalf of appellant, that the amount is excessive. That claim is based upon the further claim, that Davis did not provide well for his family, and that, hence, their loss by his death did not amount to five thousand dollars. Davis was a laboring man, without means, and, while there is not entire harmony in the evidence, there is evidence tending to show that he was a sober, industrious and competent laborer, and provided for his family as best he could under all the circumstances. He was a man of about thirty-six years of age, and left a widow and six children, the oldest of whom was not over ten years of age.

All things considered, and conceding that the county is liable, this court can not say that the judgment for five thousand dollars is excessive. What the proper elements of damage are, were considered upon the former appeal. They need not be further considered here. Neither can this court say that the verdict is not sustained by the evidence.

In the second instruction, the court charged the jury, that it was not essential that the exact date of the accident should be proved, as laid in the complaint; that it would be sufficient if it should be made to appear that it was within two years prior to the commencement of the action, and that the action was commenced on the 29th day of October, 1881.

It is contended by appellant's counsel, that by this instruction, the court invaded the province of the jury, by stating the date of the commencement of the action. There is no available error in the instruction. No harm resulted to appellant. In the first place, there was no claim by answer or otherwise, that the action was barred by the statute of limi-

tations; and in the second place, there was no dispute as to when the action was commenced. Where a fact is established without any conflict, contradiction or dispute, it is not an available error for the court to assume the existence of such fact in charging the jury. *Koerner* v. *State*, 98 Ind. 7 (13), and cases there cited; *Louisville, etc., R. W. Co.* v. *Jones*, 108 Ind. 551 (571).

Appellant's counsel group together the fifth, sixth and seventh instructions given by the court, and insist that they were erroneous. Preliminary to an examination of those instructions, it should be stated that the death of the decedent was caused by the breaking and giving way of one of the sleepers of a bridge upon which he drove with a loaded wagon.

The substance of the instructions thus objected to was, that a traveller, using a public highway of the county in the ordinary manner, and without any knowledge of defects in a bridge forming a part thereof, has a right to presume that it is in a safe condition, and to drive over and across the same with his team, in the usual manner; that it is the duty of the county not only to construct its bridges in such a manner as that they shall be safe, but to use ordinary care in keeping them safe, by removing therefrom timbers which by use and time have become decayed, and thus rendered the bridge unsafe and dangerous; that the law charges the county with knowledge of the natural tendency of timber to decay, and enjoins upon it the duty of exercising ordinary care to detect and guard against the same; that a failure to exercise such care may render the county liable although it may have no actual notice of the condition of the bridge; that it was not necessary, in order to charge appellant with negligently suffering the bridge in question to remain out of repair, to prove actual notice to it, but that such notice might be inferred if the defect in the bridge was of such a character, and had continued for such a length of time, as that the officers of the county charged with the supervision and repair thereof might and probably would have discovered it, if they had

used ordinary care in the discharge of their duties; that the county is liable in damages if it negligently suffered rotten and decayed timbers to remain in the bridge in question, thus rendering it unsafe and dangerous, and by reason of which it gave way and killed Davis, without fault on his part.

That counties are liable for negligence in constructing or maintaining bridges upon public highways, is well settled in this State. Board, etc., v. Montgomery, 109 Ind. 69, and cases there cited; House v. Board, etc., 60 Ind. 580 (28 Am. R. 657); Vaught v. Board, etc., 101 Ind. 123.

And so it is well settled that a traveller upon a street or county public highway, without knowledge of defects in bridges forming parts thereof, and using proper diligence himself, has a right to presume that they are in a safe condition, and to act upon that presumption. Town of Elkhart v. Ritter, 66 Ind. 136 (144); City of Indianapolis v. Gaston, 58 Ind. 224.

It is also settled that counties, through their proper officers, are chargeable with knowledge of the tendency of timber to decay; that it is incumbent upon them to exercise reasonable care in providing against the timbers in county bridges becoming unsafe because of decay incident to age and use, and that for want of such care they are liable. Board, etc., v. Legg, 93 Ind. 523 (47 Am. R. 390); City of Fort Wayne v. Coombs, 107 Ind. 75 (88), and cases there cited. See, also, Indiana Car Co. v. Parker, 100 Ind. 181 (195).

The principal objection urged against the instructions is, that they were calculated to lead the jury to return a verdict against the county without notice to it, either actual or constructive, of the dangerous condition of the bridge. That objection is fully answered by the case of City of Indianapolis v. Scott, 72 Ind. 196. That portion of the instructions, which is upon the question of notice, is in the exact language of the eighth instruction in the above case, which was held correct.

In the instructions in question, the court did not assume to fix any definite time during which the bridge must have been out of repair in order to charge appellant with notice. The substance of the charges upon that subject was, that the county, by its proper officers, was under obligations to exercise reasonable care to ascertain the condition of, and to repair the bridge, and that if there were defects in the bridge which were of such a character, and which had existed for such a length of time as that appellant, by the exercise of reasonable care, might have discovered them, notice to it might be inferred. In short, that with respect to defects in the bridge, the county should be held to have known what, by the exercise of reasonable care, it might have known.

In the case of *Board, etc.,* v. *Brown,* 89 Ind. 48, it was said: " It is the duty of county boards to repair, or cause to be repaired, the bridges of the county. Such boards are under obligation to the public to exercise a reasonable degree of affirmative and active diligence to ascertain the condition of the public bridges of the county, and see to it that they are kept in repair and reasonably safe and fit for travel."

Without setting out the eleventh instruction, it is sufficient to say that we have examined it, and find nothing in it of which appellant can justly complain.

It is contended on behalf of appellant, that the bridge, by the breaking down of which Davis was killed, was a small one, over an artificial ditch, dug for the purpose of draining wet lands; that, being such, it was not a bridge over a " watercourse," and such as the county was bound to keep in repair.

The county board has general supervision over the bridges of the county, and must exercise reasonable care in keeping all bridges upon the public highways of the county in a safe condition, regardless of the size of the bridge or the character of the streams or ditches which they may span. *Vaught* v. *Board, etc., supra; Board, etc.,* v. *Bacon,* 96 Ind. 31; *Board, etc.,* v. *Emmerson,* 95 Ind. 579; *Board, etc.,* v. *Brown,* 89 Ind. 48.

These cases fully answer the objections of appellant's counsel to the thirteenth instruction given by the court.

We discover no available objection to the fourteenth instruction given by the court. If appellant's counsel thought that it was not as definite and full as it should have been in defining what might have been reasonable care on the part of Davis, their remedy was to submit an instruction upon that question. So far as it goes, the instruction contains no erroneous proposition of law as applied to the case, nor in the abstract. *Wilson* v. *Trafalgar, etc., G.R. Co.,* 93 Ind. 287 (291).

Instruction sixteen and one-half, given by the court, embodies the several propositions laid down in the case of *Bidinger* v. *Bishop,* 76 Ind. 244 (254), upon the questions of public highways, the mode and means by which ways may become public highways, and the character and extent of proof necessary to establish the fact that any particular way is a public highway. It can not be said, therefore, that, in the abstract, erroneous propositions of law were enunciated in the instruction.

It is contended here, however, that the instruction was not applicable to the case as made by the evidence; for example, that there was no evidence at all showing, or tending to show, that the highway had been established and opened by order of the county board. This court must pass upon the case as presented by the record. The record affirmatively shows that it does not contain all of the documentary evidence before the court and jury below; therefore, if the point made were material, this court could not say that there was no evidence below tending to show that the highway had been established and opened by order of the county board.

After a careful examination of the instruction, we are convinced that there was no such error in the giving of it as would justify this court in reversing the judgment. It may be added, that the instruction was no broader than an instruction asked by appellant.

The nineteenth instruction given by the court is not open to the objections urged against it.

Of the twentieth instruction given by the court, it is sufficient to say, that it is sustained by the case of *Nave* v. *Flack,.* 90 Ind. 205 (209) (46 Am. R. 205).

Appellant's objection to the twenty-first instruction, given by the court, may be disposed of by what has been said in relation to the fourteenth instruction.

And so, what has been said in relation to the thirteenth instruction, is sufficient in answer to the objections urged by counsel to the second, fourth and fifth instructions, given by the court upon the request of appellee.

The instructions asked by appellant were not signed by its counsel, nor by any one. Instructions not signed by the party asking them, or by his attorney, as required by the statute, may be refused without error. *Beatty* v. *Brummett,.* 94 Ind. 76 ; *McCammack* v. *McCammack,* 86 Ind. 387 ; *Chicago, etc., R. R. Co.* v. *Hedges,* 105 Ind. 398 ; *Hutchinson* v. *Lemcke,* 107 Ind. 121 ; *Stott* v. *Smith,* 70 Ind. 298.

We have examined the instructions asked by appellant, however, and find that so far as they state the law correctly, they were substantially given by the court in other instructions.

Having found no errors in the record for which the judgment should be reversed, it is affirmed, with costs.

Filed April 22, 1887.