## INJURY FROM DRIVING INTO A TRENCH WHICH HAD BEEN DUG BESIDE A COUNTY ROAD.

Court of Appeals for Hamilton County.

JOSEPHINE WHITNEY v. BERNARD NIEHAUS AND THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY.

Decided, February 13, 1915.

*Negligence in the Repair of County Roads—Liability of Commissioners in Their Official Capacity—Rule of Respandeat Superior Applies—Pleading.*

1. The liability of county commissioners in their official capacity, for damages resulting from negligence or carelessness in keeping roads under their jurisdiction in such a degree of repair as to render them reasonably safe for travel, is not limited to improved roads, but includes any public, state or county road or bridge.

2. While it is true that notice of a defect in a public road must be averred where due to the wearing away of the surface and not directly caused by any act of the public authorities, an allegation of notice is not necessary where the defect is one in the original plan or in the construction of the work; and where a negligent act in the improvement or repair of a road which has resulted in injury is averred, the petition is good against demurrer.

3. Failure to allege that the defect complained of was in the improved or traveled way does not render a petition in an action for damages open to demurrer, where it is averred that a trench had been dug along side of the road within its limits and, at the point of intersection with another road, across its face.

4. Where the work which is being done in the improvement or repair of a county road is inherently dangerous, the county commissioners can not shift the responsibility for negligence upon the contractor, but the rule of *respondeat superior* applies.

*Robertson & Buchwalter,* for plaintiff in error.

*John V. Campbell* and *Charles Groom,* Prosecuting Attorneys, contra.

GORMAN, J.; JONES (E. H.), P. J., and JONES (OLIVER B.), J., concur.

This is a proceeding in error to reverse the judgment of the court of common pleas in sustaining a demurrer of the defend-

ants, the commissioners of Hamilton county, to an amended petition of plaintiff, and dismissing said defendants at the plaintiff's costs.

Briefly stated, the plaintiff's petition and amended petition counted on negligence of the defendants as joint tort feasors, whereby she suffered grave personal injuries while driving a horse and buggy along the Lawrenceburg and Harrison road in Whitewater township, Hamilton county. After setting out the official capacity of the commissioners, and that said road was at the time of the happening of the events related a county road in Hamilton county and within the jurisdiction and under the control of said commissioners, plaintiff further states that the defendants (that means the commissioners and Niehaus) were on and prior to March 17, 1912, repairing and improving said county road by grading, draining and placing macadam, rock and other material thereon, at a point where the Whitney road, a township road, intersects said county road; that the defendants by their agents and employees negligently, wrongfully and unlawfully caused to be dug a ditch about six feet wide and two feet deep within the limits of said county road at its said intersection with and across the face of said township road; that said defendants in disregard of their duty negligently and wrongfully permitted said ditch to remain open, unguarded, unprotected and unlighted during the night of March 17, 1912, by reason whereof said defendants negligently and wrongfully permitted said county road at said place to be in bad repair, unfit and unsafe and inherently dangerous for use in public travel. Plaintiff further avers that she was riding in a buggy drawn by a horse driven by her husband along said county road on said night, and while turning to the right to enter upon said township road the said buggy fell into said ditch on said county road, thereby throwing her violently out of the buggy and injuring her severely about her body. She prays for damages in the sum of $5,000.

A demurrer was interposed below to this amended petition by the defendants, the commissioners of Hamilton county, on the ground that the averments thereof did not state a cause of action against the demurring defendants.

The demurrer was sustained, and the plaintiff not desiring to plead further as to the defendant commissioners, they were therefore dismissed with their costs.

The case is now in this court on error, and the plaintiff in error asks for a reversal of said judgment, on the ground that the demurrer should have been overruled and not sustained. At the outset it is claimed by the prosecuting attorneys, who officially represent the commissioners, and conceded by counsel for plaintiff in error, that the commissioners are not liable for these injuries of plaintiff, however negligent they may have been unless there is a liability imposed by statute.

Section 2408, General Code, does impose a liability on the commissioners of a county in their official capacity for damages received by reason of their negligence or carelessness in not keeping any public, state or county road or bridge in proper repair. This law was enacted in 1894, prior to which time no liability attached to the board of commissioners for any injuries or damages sustained by reason of its neglect to keep the highways or bridges under its control in proper repair. No right of action at common law could be maintained for such negligence, and the liability being statutory the statute must be strictly construed in favor of the county officials.

Now it is contended by counsel for defendants in error that the amended petition of plaintiff is fatally defective and open to demurrer, because of the failure to aver first that the county road in question was an *improved* road; secondly, that the board of commissioners had notice of the defective condition, either actual or constructive; thirdly, that it fails to aver that the ditch or trench complained of was in the *traveled* portion of the roadway; and, fourthly, that the doctrine of *respondeat superior* does not apply to negligent acts of an independent contractor performing work on the public roads under contract with the county commissioners, and that although the amended petition fails to aver that the defendant Niehaus was acting as an independent contractor, nevertheless the court must take judicial notice of the fact that, under the statutes, the commissioners had no power or authority to make improvements or repairs of a county road except by letting the work to an independent con-

tractor, and therefore Niehaus must have been employed as an independent contractor for whose acts of negligence in the prosecution of the work the commissioners are not responsible, assuming that he was negligent and that his negligence was the proximate cause of plaintiff's injuries.

In view of the fact that this proceeding is one to review the action of the court below, we have considered the claims of counsel as though presented in the order made on the arguments on the demurrer in the court of common pleas.

As to the first contention of counsel for the commissioners, the court believe it is sufficiently answered by calling attention to the language of the statute, Section 2408, which imposes a liability on the commissioners in their official capacity for damages received by reason of their negligence or carelessness in not keeping in proper repair *any* public, state or *county road* or bridge. The liability is not limited to damages arising from failure to keep in repair *improved* county roads only; and therefore no averment that the road was an improved county road was essential. Furthermore, the question of whether or not this Lawrenceburg and Harrison road was an improved or unimproved road is one that could be determined by the proof, and if the board of commissioners are liable for damages on improved roads only, then the question might again be raised on the trial under the evidence; or the commissioners may plead by answer that the road was an unimproved one for the repair of which no duty rested upon them. It is averred that the defendants were, at the time of the injuries sustained by plaintiff, engaged in improving and repairing said road, and this together with the averment that it was a county road under the jurisdiction and control of the commissioners, together with the language of Section 2408, General Code, appears to us to be sufficient to make the amended petition proof against the demurrer as to this point urged.

As to the absence of an averment of notice actual or constructive, to the commissioners, of the existence of the ditch, it is true that for an ordinary defect in the highway caused by the wearing away of the surface and not caused by an act of commission of the public authorities, notice of the existence of

the defect must be averred, or allegations must be set out show-
ing the length of time the defect has existed so that constructive
notice may be inferred; but where the defect is in the original
plan of the work or in the *construction* by the public authorities,
no notice need be averred, as the public authorities are, in such
cases, the original wrong-doers. See, *Alliance* v. *Campbell,* 17
C. C., 595 (affirmed without report, 53 O. S., 650); *Village of
Groveport* v. *Bradfield,* 2 C. C., 145; *Commissioners* v. *Mutchler,*
137 Ind., 58; *Rasch* v. *Dodge County,* 43 Neb., 508.

The amended petition, and the petition, aver in the case at bar
that the defect in this road was caused by the negligent act of
commission of the commissioners in the original construction of
this work of improvement and repair.

The third claim of counsel for defendant is that the
amended petition fails to state that the alleged defect, the ditch
or trench, was in the traveled portion of the roadway and that
inasmuch as no liability attaches to the commissioners for de-
fects outside of the traveled way, the amended petition fails to
show a case of actionable negligence.

It is true that our courts have held in several cases that the
board of commissioners are not liable for injuries to persons or
property caused by defects in the county or public roads outside
of the improved or traveled way; but in the case at bar it is
averred that this ditch or drain was dug along the side of the
county road within its limits and at a point where the Whitney
road intersects it, and across the face of the said Whitney road.
Now the public traveling along the Whitney road had a right to
enter this county road at the terminus of the township road, and
if a ditch or pitfall was constructed across the terminus of this
township road at the place where it intersects the county road,
it would appear to be in a portion of the traveled way of this
Lawrenceburg and Harrison road; it was apparently on that
portion of the traveled way of said road which had to be passed
over by those who entered or passed off the Whitney road; it
was not at a place where no one would ordinarily have occasion
to drive off to the side of the road, and therefore we believe that
the amended petition in this regard shows that the defect was
in the traveled way of this road.

As to the claim that the rule of *respondeat superior* does not apply to the county commissioners, it may be said that neither the amended petition nor the petition disclose that this ditch or trench was dug by an independent contractor, but so far as the averments of the pleadings disclose, the work was being prosecuted by the commissioners. It was held by this court in the case of *Commissioners of Clermont Co.* v. *Judd*, on error to the common pleas court of Clermont county, that the board of county commissioners are liable in their official capacity for damages resulting from their negligence in failing to keep a county road in proper and sufficient condition for reasonably safe use by the public, and if obstructions are carelessly or negligently placed thereon either by the county commissioners, their agents or employees, thereby blocking or obstructing the traveled portion thereof, it would be a failure to perform their duty to keep the road in repair, and would render the county commissioners liable for the injurious consequences resulting from such failure of duty. In this case the commissioners of Clermont county were repairing a portion of the Ohio Turnpike and for that purpose had deposited along the traveled portion of said road a pile of screenings which caused an obstruction in the road and into which the plaintiff Mabel Judd ran while driving a horse and buggy along the road in the night time, there being no barriers, lights or safeguards to warn her of the obstruction. She recovered for injuries sustained by this accident, and the judgment was affirmed by this court, and by the Supreme Court without report. Unfortunately the opinion of the Court of Appeals of Clermont County was not published, but it is agreed by counsel in this case, and was likewise admitted by counsel in the Judd case, that a portion of this opinion is correctly set out in the brief of counsel for Mabel Judd in case No. 13935, Supreme Court of Ohio, a copy of which has been submitted to us by counsel in the case at bar. We are unable to see any distinction between an obstruction consisting of a pile of screenings in the roadway and a ditch or trench dug in a part of the traveled way, and believe that the rule laid down in the Judd case is decisive of the point raised by counsel for the commissioners in this case as to the rule of *respondeat superior*. Furthermore it is a sound rule of law

that where the work done is inherently dangerous, as it is alleged in this case it was, the owner can not relieve himself from liability by committing the work to an independent contractor. See *Cov. & Cin. Bridge Co.* v. *Steinbrock*, 61 O. S., 215.

The court is of the opinion that the ruling of the common pleas court in sustaining the demurrer to the amended petition was erroneous, and the judgment dismissing the defendants the board of county commissioners of Hamilton county is prejudicial to the plaintiff in error, and said judgment is hereby reversed.

It is but fair to the judge who passed upon the demurrer to the amended petition to say that, after his decision, his attention was called to the case of *Commissioners of Clermont Co.* v. *Judd, supra,* which was affirmed by the Supreme Court on June 7, 1913, without report; and after that case was called to his attention a motion was interposed for a rehearing of the case and to set aside the entry sustaining the demurrer. In the opinion written by the trial judge below he stated among other things that in his opinion which he had previously rendered in this case (sustaining the demurrer to the amended petition) the construction he had given to the statute (Section 2408) was seemingly narrow, but that he thought he was following the rule laid down by the Supreme Court in the case of *Ebert* v. *County Commissioners,* 75 O. S., 474, but that it now seemed to him that the Supreme Court did not intend by the language it used in said case, at page 480, to hold that the county commissioners shall not be liable for negligence and carelessness in the act of repairing the county road. The trial judge further said that it was his opinion that justice to the plaintiff required, in view of the fact that the petition is based upon an alleged negligence of the county commisioners while engaged in repairing the county road, that the entry sustaining the demurrer should be set aside and that the demurrer, upon a rehearing, should be overruled.

Unfortunately for the plaintiff in error in this case this conclusion was reached by the trial judge after the expiration of the term at which the entry was put upon the record sustaining the demurrer to the amended petition, and inasmuch as the trial court had no power or jurisdiction to set aside a former judgment

or entry made at a previous term, he was unable to give force and effect to this last conclusion upon the demurrer to the amended petition.

For the reasons stated herein, the judgment of the common pleas court will be reversed and the cause remanded for such proceedings as are authorized by law.