## Perry v. Barnett.

NEGLIGENCE.— *Wilful Carelessness.*— *Obstruction of Highway.*— *Bridge.*— *Complaint for Damages.*—A complaint for damages alleged that the plaintiff, in travelling along a public highway, without fault or negligence on his part, drove his team upon a " pile of wooden timbers, intended to serve as a bridge, which the defendant had placed in said road at a point where " it crossed a " deep and dangerous bayou ; " that such timbers " had been so carelessly placed there by the defendant, that" plaintiff's team "fell through and over said timbers," and were killed ; that such accident "was wholly and solely attributable to the negligence, carelessness and wilful misconduct of the defendant in placing " such timbers at a point in " said road where

they could not be avoided by travellers, nor the danger * ascertained before going upon them."

*Held*, on demurrer, that the complaint is sufficient.

SAME.—*Evidence.—Supervisor.*— Evidence showing that the defendant, as the proper supervisor, had built such bridge in an unskilful manner, and of unfit material, would not sustain a verdict for the plaintiff under such complaint.

From the Jackson Circuit Court.

*B. H. Burrell* and *F. Emerson*, for appellant.

*S. B. Voyles*, for appellee.

WORDEN, J.—Action by Barnett against Perry.

The complaint alleged, " That heretofore, in 1874, the plaintiff was the exclusive owner of two living mules, each of which was worth the sum of $150; that plaintiff was going along one of the public highways in Vernon township, in Jackson county, Indiana, driving said mules, which were hitched to a wagon, when, without fault or negligence of this plaintiff, he drove said mules and wagon upon a structure or pile of wooden timbers, intended to serve as a bridge, which the defendant had placed in said road, at a point where said road crosses a deep and dangerous bayou, and said structure or pile of wooden timbers were and had been so carelessly placed there by the defendant that said plaintiff's mules fell through and over the said timbers, and such fall resulted in the death of said mules then and there, to the damage of this plaintiff of $300; that defendant, in placing said timbers in said road, acted carelessly and without regard to the safety of travellers of said road, such as the plaintiff at the time was, and the destruction of the plaintiff's property was wholly and solely attributable to the negligence, carelessness and wilful misconduct of said defendant in placing said dangerous timbers in said road, at said point of said road, where they could not be avoided by travellers, nor the dangerous condition ascertained before going upon them; and the plaintiff avers, that, by reason of the de-

fendant's wilful negligence, as aforesaid, this plaintiff was and is damaged by the said loss of his said mules in the sum of $300, for which sum, together with costs, he prays judgment against the defendant."

· The defendant demurred to the complaint, for want of sufficient facts, but the demurrer was overruled, and he excepted.

Issue; trial by jury; verdict and judgment for the plaintiff, over a motion for a new trial.

Errors are assigned upon the rulings upon the demurrer and the motion for a new trial.

The complaint seems to us to have been good. It alleged an obstruction by the defendant of the highway, whereby the plaintiff, without any fault on his part, was injured. *Wood* v. *Mears*, 12 Ind. 515.

On the trial of the cause, it appeared that the defendant was the supervisor of the road district in which the alleged " pile of wooden timbers, intended to serve as a bridge," was placed upon the road. The " pile " consisted of a bridge built across the bayou. It was built under the direction of the defendant, as such supervisor. The bridge was not, of itself, an obstruction of the highway. It was a good, substantial bridge, except the defects hereinafter stated. It was about eighteen feet long, twelve feet wide, and eight feet high above the water. It had no side railing, and the approaches were " too steep," in the language of one of the witnesses. It was covered with two-inch green plank, laid close together, but not spiked or otherwise fastened down ; but stakes were put in at the front of the approaches, to keep the floor from slipping. The bridge was built in September, 1874. In January, 1875, the plaintiff was driving along the road with his mules, and attempted to cross the bridge. At this time, it may be supposed, the planks covering the bridge had become, to some extent, seasoned and shrunk. When the

mules got upon the bridge, the wagon yet being upon the steep approach, they began to slip, and caught their toes in the cracks between the planks covering the bridge and turned them over, the legs of the mules going through the bridge. One of the mules, in his struggles to free himself, was precipitated over the edge of the bridge upon the ice below, and was killed. The other was so badly injured that he died a few months afterward. No fault, so far as we can see, was attributable to the plaintiff.

This was the case, in substance, made by the plaintiff's evidence; and the question arises, whether it made out the case stated in the complaint. The complaint alleges, that "the destruction of the plaintiff's property was wholly and solely attributable to the negligence, carelessness and wilful misconduct of the defendant, in placing said dangerous timbers in said road, at said point of said road where they could not be avoided by travellers, nor the dangerous condition ascertained before going upon them."

The theory of the complaint is, that the defendant carelessly and wilfully placed an obstruction in the highway. The evidence does not show such obstruction.

The defendant, as such supervisor, had authority to build the bridge, which, as a bridge, was no obstruction. If the defendant was guilty of any wrong, it was in this, that he failed, as such supervisor, to put or keep the bridge in a proper condition to make it reasonably safe; and if he is liable to an action at all in the premises, it is for failing to discharge his official duty in that respect.

We need not, in this case, determine whether he would be liable to such action or not. That would depend upon the powers conferred, and the duties imposed upon him, and the means at his command to perform the duties imposed. *House* v. *The Board of Comm'rs of Montgomery Co.*, 60 Ind. 580.

We are of opinion that the evidence did not support the case stated in the complaint; in other words, that the complaint was not proved " in its general scope and meaning." 2 R. S. 1876, p. 81, sec. 96. *The Jeffersonville, etc., R. R. Co.* v. *Worland,* 50 Ind. 339.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.