No. 8684.

## YEAGER v. TIPPECANOE TOWNSHIP.

TOWNSHIP.—*Repair of Highways.*—*Negligence.*—*Damages.*—In 1879, a civil township had no such powers conferred or duties imposed upon it as required it to keep in repair the public highways; and hence it was not liable for damages accruing from neglect to do so.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellant.

*J. H. Carpenter* and *J. W. Cook*, for appellee.

FRANKLIN, C.—This was an action brought by appellant against appellee, to recover damages for injuries alleged to have been caused by appellee negligently permitting a public highway in the township to be out of repair. The complaint is somewhat lengthy, and substantially states, that there was located in said township a public highway; that on the 23d of September, 1879, the rain had washed out a gutter in said highway two feet deep, twenty inches wide, and twenty feet long; and upon that day, after the gutter had been so washed out, appellant, with one Andrew Yeager, were driving along said road with a two-horse buggy, appellant carrying a loaded gun in his hands; that they drove the horses and buggy into said gutter, there being no way of driving around it; that without negligence, and with careful driving into the gutter, the buggy was so jarred and jostled as to break the tongue and one of its wheels, and appellant was violently thrown out upon the ground, and the gun was so violently thrown against the ground as to cause it to discharge its load into the arm of appellant, and break and crush the bone thereof, which had disabled him for life, to his damage two thousand dollars.

To which complaint a demurrer was sustained.

The ruling on the demurrer is the only error assigned in this court.

The question of the liability of a township for such injuries, we believe, has never heretofore been before this court.

The doctrine of the liability of cities for such injuries appears to be well settled. *Grove* v. *The City of Fort Wayne,* 45 Ind. 429; *Higert* v. *City of Greencastle,* 43 Ind. 574.

In the absence of a statute making cities liable, this doctrine or rule of decision appears to be based upon the fact that the act for the incorporation of cities provides that "the common council shall have exclusive power over the streets, highways, alleys and bridges within the city," and invests them with ample power of taxation for general purposes, under which must be included street improvement purposes, and if they fail to exercise these powers, they should respond in damages to any one injured by their neglect to keep the streets in repair.

It has also been held by this court, that counties are liable for injuries arising from negligently permitting the bridges of the county to be and remain out of repair. This ruling has also been based upon the fact "that the board of commissioners has ample power to build and repair bridges, and to make appropriations from the county treasury for that purpose, and that it may determine the amount of taxes to be levied for county expenditures, which includes expenditures for the building or repair of bridges where the same are built or repaired by the county; and that it is made the imperative duty of the board to cause all bridges in the county to be kept in repair." *House* v. *The Board of Commissioners of Montgomery County,* 60 Ind. 580.

The enquiry thus arises as to what effect these rules of decision should have upon the question under consideration.

Appellee, in its brief, has referred us to a number of cases in which it has been held by some of the courts in the Eastern States, that the towns (which are to some extent similar to our townships) are not liable for such injuries, unless expressly made so by statute, wherein a distinction is drawn between corporations brought into existence by the action of the inhabitants, and those created by the sovereign authority, for

the public good. But this court has based its rulings upon a different principle, to wit, the obligation to discharge a duty.

Hence, we are led to investigate the powers and duties of a township in this State over the highways therein situated.

Section 8 of the act upon Township Business, 1 R. S. 1876, p. 901, provides that "The trustee shall superintend all the pecuniary concerns of the township, and shall, at the June session of the county board, annually, with the advice and concurrence of the board of county commissioners, levy a tax on the property of such township, for township, road, and other purposes, and report the same to the county auditor. * * But in case of failure of such trustee and commissioners to concur, then the board of county commissioners shall determine upon and levy such township, road, and other taxes."

Section 11 of the same act provides, that "The township trustee shall, annually, on the last Saturday in February, settle with and audit the accounts of supervisors of roads in his township, and shall within five days thereafter, make to the board of county commissioners, a complete report of the receipts and expenditures of his township during the preceding year," etc.

The third, fourth and fifth clauses of the 6th section, require the township trustee "To divide his township into convenient highway districts and make such alterations in the same as may be necessary." "To fill all vacancies that occur in the office of supervisor of highways in his township." "To see to a proper application of all moneys belonging to the township for road, school or other purposes, and perform all the duties heretofore required of the township trustees, clerk and treasurer, under the supervisors and school acts."

Section 19 provides, that "The township trustee shall in no case, have any power to change, vacate, or open any highway, in any township, in any county; but such power shall be vested in the county commissioners of the county," etc.

The foregoing embrace all the powers and duties of a township trustee in relation to the public highways, and in

none of them is there any power given or duty enjoined over the working or repairing of the highways.

There are other provisions of our statutes requiring the supervisors of roads to work and keep the highways in repair.

According to the provisions of the act of March 5th, 1877, which were in force at the time of the alleged injury complained of, the supervisor should cause the road working to be done in the months of April, May and June. And the 29th section (see Acts 1877, Reg. Sess., p. 135) provides, that "All moneys in the treasury of any county, belonging to a road district thereof, shall be paid over to the trustee of the township in which such district is situated, on the warrant of the proper auditor, and shall be applied to the benefit of such district; the money so paid to the township trustee shall be by him paid out on the order of the supervisor or supervisors of such township; all moneys and labor, intended for the improvement of roads, shall be expended thereon on or before the fifteenth day of September in each year."

The 17th section thereof provides, that, "When a public highway, running through or bordering on a plantation, shall become obstructed, the owner or occupant of such plantation shall remove such obstruction as soon as the same shall come to his knowledge, for which the proper supervisor shall allow him a reasonable credit on his liability to work on the highways," etc.

This obstruction occurred after the 15th of September, to wit, on the 23d, when the only person legally required to remove it was the owner or owners of the adjacent land; and as the complaint shows that the road at the point of the obstruction was fenced in on both sides, that the land on the north side was owned by Jeremiah Myers, and on the south side by John W. V. Humble, he should have notified one or both of them to remove the obstruction.

We have thus fully referred to these statutes for the purpose of showing, under our complex system, the mixed pow-

ers and duties over the public highways, and that there is no exclusive jurisdiction over the whole subject, lodged in any one agent, officer or corporation. The board of commissioners has the jurisdiction over their establishment, change and vacation, and over the levy and collection of the road tax, the township trustee only having the privilege of concurring in the levy. The supervisor has the jurisdiction over the working and repair of the highways, and he is limited in time, and partially superseded by the intervention of the adjacent land-owner.

The case of *Perry* v. *Barnett*, 65 Ind. 522, was an action against the road supervisor for an injury from an alleged negligent construction of a small bridge in a public highway. This court held that the evidence did not support the cause of action. And as to whether the defendant was liable depended upon the powers conferred and the duties imposed upon him, and the means at his command to perform the duties imposed; thus tacitly recognizing the possibility of another liability for the repair of highways, than that of the township.

We think a township has no such powers conferred or duties imposed, as require it to keep in repair the public highways. It does not occupy such a. relation to them, that cities do to streets or alleys, or that counties do to bridges.

We therefore hold that the township can not be made liable for the injury complained of, and that there was no error in sustaining the demurrer to the complaint.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and it is in all things affirmed, with costs.