The Board of Commissioners of Owen County *v.* Washington Township.

Filed Jan. 7, 1890.

No. 15,218.

THE BOARD OF COMMISSIONERS OF OWEN COUNTY *v.* WASHINGTON TOWNSHIP.

| 121 | 379 |
| 126 | 439 |
| 121 | 379 |
| 137 | 143 |
| 138 | 615 |
| 139 | 615 |

| 121 | 379 |
| e171 | 611 |

COUNTY.— *Gravel Road Bridge.*— *Duty of Maintaining.*— *City.*—A bridge outside the corporate limits, connected with a free gravel road, and constructed by the county, does not, by the fact that it leads up to and joins a street at the corporate line of the town, become a town bridge in such a sense as to relieve the county from the general duty of using reasonable care to keep it in a reasonably safe condition for passage. The town is excluded from the control of a bridge so situated, the right of control being vested in the county.

SAME.— *Bridge.*— *Repairs.*— *Town.*—A town is chargeable with the duty of maintaining a bridge built by the county only when the bridge becomes the bridge of the town.

SAME.— *Township.*— *When Chargeable with Cost of Repairs.*— *Statute.*—A county can not compel a township to bear part of the expense of repairing a county bridge situated within the limits of a township, and not within the control of a town or city, except as provided in section 1585, Elliott's Sup., where the cost of repairing the bridge shall exceed seventy-five dollars, and the township trustee shall notify the board of commissioners of the necessity of such bridge and secure action upon such representation; in which case the township shall pay seventy-five dollars of the cost. The provisions of the above-named statute do not relieve the county from the duty of maintaining county bridges, the township being liable to contribute only in the case designated by the statute, where it takes the initiative.

From the Owen Circuit Court.

*W. Hickam,* for appellant.

*E. C. Steele,* for appellee.

ELLIOTT, J.—The question in this case is whether the township can be compelled to pay part of the expense of maintaining a public bridge, or whether the whole expense must be borne by the county. The bridge concerning which the contest is waged is connected with a free gravel road constructed by the county, and the north end of it connects directly with one of the public streets of the town of Spencer, but it is wholly outside of the corporate limits of the town. The bridge was constructed by the county.

It is quite clear that the bridge can not be regarded as a bridge belonging to the town of Spencer. The county and the town are both governmental instrumentalities, but they are not invested with the government of the same locality or of the same affairs, for in so far as concerns the affairs of the town, the authority of the town officers is exclusive, and in so far as strictly county affairs are concerned, the authority of the county officers is exclusive. The familiar rule, that the express mention of one thing implies the exclusion of others, leads to the conclusion that where a statute vests one local subdivision with control it excludes the others. It is also quite apparent that the Legislature can not be presumed to intend that two different governmental organizations shall have control over the same bridge or highway and be responsible for its safety. The town is excluded from control of the bridge here involved, because the right of control is vested in the county. A town may, doubtless, become charged with the duty of maintaining a bridge built by the county, but it is charged with this duty only when the bridge becomes the bridge of the town, for, so long as it remains the bridge of the county the duty of maintaining it rests on that governmental corporation. This is the effect of the decision in the case of *City of Goshen* v. *Myers*, 119 Ind. 196. That decision proceeds upon the theory that the bridge there mentioned became the bridge of the city by adoption as part of one of the city streets, and it is only on that theory that the decision can be vindicated. A city or town can not con-

trol county bridges or highways, for their control is committed to the county authorities, nor, on the other hand, can county authorities control city bridges or streets. Where there is no power to control there is no responsibility for a failure to repair, since the duty and its breach must concur to produce a right of action. *Common Council, etc.*, v. *McClure*, 2 Ind. 148; *Bishop* v. *City of Centralia*, 49 Wis. 669; *Carpenter* v. *City of Cohoes*, 81 N. Y. 21 (37 Am. Rep. 468). It is apparent from what we have said that the fact that the bridge leads up to and joins a street at the corporate line of the town does not make it a town bridge in such a sense, at least, as to relieve the county from the general duty of using reasonable care to keep it in a reasonably safe condition for passage.

It is an ancient and firmly established rule that a bridge may become a county bridge by adoption, no matter by whom it was built. *State, ex rel.*, v. *Board*, 80 Ind. 478.

The common-law rule is, that the county officers are bound to adopt and maintain a public bridge, forming part of a road, or else have it declared a nuisance. Under this rule the bridge in question must be regarded as a county bridge, which it is the duty of the county to maintain.

It is held by a long line of decisions that a county is bound to use reasonable care to keep its bridges in a safe condition for travel. *House* v. *Board, etc.*, 60 Ind. 580; *Harris* v. *Board, etc.*, *ante*, p. 299, and cases cited. It is also decided that a township is not liable for an injury sustained because of a defective bridge, for the reason that it is not under a legal duty to keep bridges in repair, nor provided with the means of doing so. *Yeager* v. *Tippecanoe Township*, 81 Ind. 46. If it resulted from the rule laid down by these cases, that the county must pay all of the expense of repairing bridges, then the judgment of the trial court is easily sustained, and the result must be that the county can not call upon a township to contribute to the expense, unless the statute imposes upon it that duty; since, as all our cases declare, the duty rests on

the county. The question, therefore, comes to this: Has a county a right to compel a township to bear part of the expense of repairing a county bridge situated within the limits of a township, and not within the control of a town or city?

The only statutory provisions which bear directly upon the question, are these: " If the probable cost of constructing or repairing any bridge or culvert shall exceed seventy-five dollars, the township trustee of the township where such proposed bridge or culvert is to be located shall notify the board of commissioners of his county of the necessity of such bridge or culvert, and if in the opinion of the county commissioners the public convenience shall require the building or repairing of such bridge or culvert, they shall cause estimates or surveys thereof to be made, and cause the same to be erected; the trustee of the said township in which is located the said bridge or culvert shall, however, pay from the road fund of the said township seventy-five dollars of the cost of such building or repairs." Elliott's Supp., section 1585. These statutory provisions, as it has been repeatedly held, do not relieve the county from the duty of maintaining county bridges. *Board, etc.*, v. *Emmerson*, 95 Ind. 579 ; *Board, etc.*, v. *Bacon*, 96 Ind. 31 ; *Board, etc.*, v. *Arnett*, 116 Ind. 438. It has also been held that the right of control is not in the township, but is in the county. *Yeager* v. *Tippecanoe Township, supra;* *Perry* v. *Barnett*, 65 Ind. 522. In view of the law thus authoritatively settled but one conclusion is logically possible, and that is this: A township is only liable to contribute in the case designated by the statute. This is so because the general duty is imposed upon the county, and the means of performing it are exclusively vested in its officers. By ascertaining the case designated by the statute, we are enabled to determine whether this action will lie, for, independently of statute, it can not be maintained. It is not difficult to ascertain what case it is which the statute designates, for its words clearly indicate it. The case which it designates is a case wherein " the township trustee shall notify the board of commission-

ers of the necessity " for a bridge or culvert, since this is the only case referred to directly or indirectly by the Legislature.. The statute does not empower the board of commissioners, of its own motion, to build or repair a bridge, and then demand contribution ; on the contrary, it explicitly provides that contribution can only be enforced in a case where the township takes the initiative. A county bridge must be kept in repair at the expense of the county, in all cases except one, and that one case is a case in which the township trustee represents to the board that there is a necessity for a bridge, and secures action upon the representation. The county can not, by its own unsolicited action, impose a burden on the township. This conclusion gives effect to the language of the statute, and is in harmony with all of our decisions.

