No. 264.

## THE UNION CIVIL TOWNSHIP OF MONTGOMERY COUNTY v. BERRYMAN.

TOWNSHIP.—*Repair of Highways.*—*Negligence.*—*Damages.*—A township is not liable to the owner of land abutting on a highway for an injury to him occasioned by the manner in which the work of repairing the highway was performed by the road supervisor. The act of March 2, 1883 (Acts 1883, p. 62), amended by the act of April 13, 1885 (Acts 1885, p. 202), did not change this rule.

From the Montgomery Circuit Court.

*B. Crane* and *A. B. Anderson,* for appellant.

*W. E. Humphrey, W. M. Reeves, P. S. Kennedy, S. C. Kennedy* and *D. Kennedy,* for appellee.

BLACK, J.—The appellee's complaint against the appellant showed that in June, 1889, one David Graves, acting as road supervisor, and under the instruction of the trustee of said township, for said township, negligently excavated a ditch in a highway adjoining the land of the appellee, whereon, at the distance of about twenty feet from the highway, there was a dwelling-house, in which the appellee and his wife lived, in said township, said ditch being about two hundred feet long, three feet wide and ten inches deep, and extending for the distance of fifty feet in front of appellee's said property. It was alleged that the ditch was offensive to the senses and injurious to the health of appellee and his wife, and interfered with the comfortable enjoyment of life and the use of said property; that the appellee was compelled to cross it in going to or from his said residence; that water ran into and collected in the ditch and stood therein; that the water percolated from it into the appellee's yard and garden, interfered with and destroyed the garden, and injured and destroyed the shrubbery and vegetables in said yard; that the water standing in the ditch became foul and stagnant and emitted offensive and sickening odors, and con-

The Union Civil Township of Montgomery County v. Berryman.

taminated, infected and poisoned the atmosphere, thereby causing sickness to appellee and his wife; that appellee was compelled to pay cut a certain sum for medical attendance and nursing for himself and wife; that appellee suffered great bodily pain, and for days was unable to perform any kind of labor; that he lost the services of his wife during her said illness; that said illness of his wife caused him great mental suffering, and he spent weeks in caring for and nursing her. The several amounts in which he was thus damaged were stated.

It was also alleged that the trustee of said township accepted said work of said road supervisor; that before the commencement of this action, and immediately after the excavation of "said nuisance," said trustee was notified of it and of the injury it was doing to the appellee, and was requested to abate it, which he failed to do, but maintained and was still maintaining it.

A demurrer to the complaint was overruled.

In *House* v. *Board*, etc., 60 Ind. 580, the court having shown, by reference to the statutes, that the board of county commissioners is a body politic and corporate, which may sue and be sued as such, that ample provision is made for the collection of judgments rendered against it, that it has ample power to build and repair bridges, and to make appropriations from the county treasury therefor, and to determine the amount of taxes to be levied for county expenditures, and that it is expressly provided that "the board of commissioners of such county shall cause all bridges therein to be kept in repair," it was held that the obligation thus imposed upon the board to cause all bridges in the county to be kept in repair, with ample power to provide means to discharge the obligation, carries with it the corresponding right in every one having occasion, in the usual course of travel, to use the bridges, to have the obligation fulfilled and the bridges kept in repair, and, therefore, that when the board negligently suffers a county bridge to be out of repair, whereby a person

in the ordinary use of it is injured in person or property, without his own fault, he must have an action against the board for the damages.

The liability of counties for failure to keep their bridges in repair is thus implied, there not being an express statutory right of action. See, also, *Board, etc.,* v. *Deprez,* 87 Ind. 509; *Board, etc.,* v. *Legg,* 93 Ind. 523; *Vaught* v. *Board, etc.,* 101 Ind. 123; *Board, etc.,* v. *Rickel,* 106 Ind. 501.

In *Yeager* v. *Tippecanoe Tp.,* 81 Ind. 46, it was held that under the statutes in force in 1879 a civil township had not such powers conferred or duties imposed upon it as to require it to keep in repair the public highways, and that it was not liable for an injury to a traveller caused by the defective condition of the highway.

Counsel for appellee cite the case of *House* v. *Board, etc.,* *supra,* and the decisions following it to the same effect, and refer to *Yeager* v. *Tippecanoe Tp.,* *supra,* and contend that under the statutes enacted since the latter decision, the act of March 2d, 1883, Acts of 1883, p. 62, amended by the act of April 13th, 1885, Acts of 1885, p. 202, liability for the damage suffered in this case is imposed upon the township; and it is said by counsel that it was principally because of these statutes that the court below held the township liable. Our disposition of the question presented is responsive to the discussion of counsel.

It is unnecessary to set out all the provisions of these statutes of 1883 and 1885. Provision is thereby made for the division of the township into road districts, and for the election of a supervisor for each district by the qualified voters thereof.

It is provided that the township trustee, with the concurrence of the board of commissioners, shall levy annually road taxes within certain rates, the taxes so assessed to be worked out under the personal supervision of the supervisor; that the trustee shall order the expenditure of the taxes in the improvement of the highways, under such regulations as he

The Union Civil Township of Montgomery County v. Berryman.

may deem expedient for the public interest, and for this purpose shall pay such sum on the order of the supervisors of the township for work done by them under his direction. It is also provided that the trustee may let out this work to the lowest responsible bidder, under regulations to be prescribed by the trustee. All road money held by the county treasurer is to be paid to the township trustee.

The supervisor is required to carry into effect all orders of the trustee touching the highways and bridges, and to keep the same in good repair. It is made his duty to call out described persons during not less than two nor more than four days in April, May and June, and to require them to work on the highways, and to superintend the labor and see that it is faithfully performed. It is provided that the tax assessed on real and personal property shall be worked out on or before the first day of October of the year for which the levy is made. It is provided that the supervisor, within ten days after the receipt of any money which he is not required to pay over to the trustee, shall proceed to employ laborers to repair the highways in his district, and shall attend such repairs, and that in no case shall he neglect the repair of the highways; and if such labor and tax, or labor where no tax has been assessed, shall be insufficient therefor, he shall call out the hands of his district to complete such repairing. Authority is given to the supervisor, or any person by his order, to enter upon land for certain purposes connected with the construction, repair or preservation of the highways, and provision is made for the assessment of damages to the land-owner by the supervisor and two disinterested persons.

Where a public highway running through or bordering on a tract of land shall become obstructed, it is made the duty of the owner or occupant of the land to remove the obstruction.

It is provided that if the supervisor shall fail to use due diligence in keeping the highways of his district in good re-

pair, or shall fail to call out the hands of his district to work on the highways thereof the number of days prescribed (unless the tax assessed for such repair is sufficient), or shall fail to bring suit for any forfeiture as required, he, for each such offence, shall forfeit a certain sum, to be recovered by the trustee, in the name of the township, for the benefit of such supervisor's district.

It is also provided by section 2061, R. S. 1881, that if any person who has the official supervision of roads in any road district, fail to keep the ways and bridges in his road district in as good repair as the available labor and other means of his district will enable him to do, or fail to discharge any other duty required of him by law, he shall be fined, etc.

The duty upon which an implied liability of a public corporation for injury occasioned through negligence in the repair of highways may be predicated, should be one imposed by law upon the corporate body as such, and not merely a duty prescribed for one or more officers as parts of the governmental machinery of the State. *Vigo Tp.* v. *Board, etc.,* 111 Ind. 170; *Summers* v. *Board, etc.,* 103 Ind. 262; *Abbott* v. *Board, etc.,* 114 Ind. 61.

The repairing of public roads is made a burden upon the people and property of the road districts. The powers and duties involved in providing the means for such repairs, and in causing the application of the money and labor necessary therefor, are distributed between the board of commissioners of the county, the trustee of the township, and the supervisor of the road district.

The general care and direction of the improvement of the roads is given to the trustee, while the immediate execution of the work is entrusted by law to the supervisors of the several districts.

So far as the funds to be provided by taxation are concerned, the trustee is subject to the determination of the county commissioners; and the money so raised can not be

said to belong to the township. Though held and disbursed by the trustee, it must be applied in the road district from which it was collected. It can not be said that the township, as such, is provided with the means of repairing the roads.

The authority to call out the hands of the district to supplement the work paid for by the taxes is given to the supervisor, an officer not selected or removable by the trustee or the people of the whole township.

We can not agree that the officers to whom is committed the governmental function of improving the highways and providing the means therefor act therein as the servants of the township discharging a ministerial duty imposed on it by law, in such a sense that for their acts or negligence in that behalf the maxim *respondeat superior* may be invoked against the township.

The injury complained of in this case was not an injury to a traveller occasioned by a failure to repair the highway, but was an injury to an adjoining proprietor occasioned by the manner in which the work of repairing the highway was performed.

Whether, if statutory provisions like those relating to counties and their bridges, from which their liability for failure to repair bridges is implied, existed in relation to townships and the highways therein, the liability of the township for such damage as the complaint describes would be implied, we need not determine.

If, in the doing of the thing which caused the injury, the officers who directed the work, or whose duty it was to see to its proper execution, were not acting as the agents or servants of the township in the performance of its ministerial duty as a corporation, the township can not be held responsible for the negligent manner in which such officers performed their duty, or for their failure to remedy the defects in the work.

We think the court erred in overruling the demurrer to the complaint.

The judgment is reversed.

Filed Oct. 14, 1891; petition for a rehearing overruled Jan. 9, 1892.