No. 457.

## THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY v. NOBLESVILLE TOWNSHIP ET AL.

TOWNSHIP.—*Bridges.—Neglect to Repair.—Liability for Negligence of its Officers.*—Townships are political corporations created to perform certain governmental functions, and are not liable for the negligent acts of their officers unless expressly made so by statute; and when officers of a township expend funds in constructing or repairing bridges which belong to the county, they perform services for the county, and not for the township, and the latter can not be made answerable for their misconduct.

SAME.—*Primary Duty to Repair Bridges in County.—Duty of Township to Contribute, Conditional.*—The duty to contribute seventy-five dollars towards the construction or repair of bridges under certain conditions is a mere special assessment upon the township for local benefits, and carries with it only such liabilities as the law expressly imposes. The duty to keep bridges in repair is primarily in the county, and it can only enforce contribution from the township under certain conditions.

From the Hamilton Circuit Court.

*W. S. Christian,* for appellant.

*T. J. Kane, T. P. Davis, R. R. Stephenson* and *W. R. Fertig,* for appellees.

CRUMPACKER, J.—The controlling question in this case is, can a civil township be compelled to re-imburse a county for money paid by the latter upon a judgment for damages resulting from negligence in failing to keep in repair a bridge which was originally built, and afterwards maintained by the township, the structure originally costing less than fifty dollars?

The statute expressly enjoins upon counties the duty of building and keeping in repair all public bridges, and they have power to levy taxes, adopt measures and provide means to accomplish this end. This duty being expressly imposed upon counties, if they negligently perform it, or carelessly suffer any bridge to become out of repair, whereby one is injured without fault upon his part, the county is liable for

the damages resulting from such injury. *Patton* v. *Board, etc.*, 96 Ind. 131; *Board, etc.*, v. *Legg*, 93 Ind. 523; *House* v. *Board, etc.*, 60 Ind. 580.

It is insisted, however, that section 3 of the act of March 13th, 1885—Elliott's Supp., section 1585—imposes the duty of building and repairing bridges which cost less than seventy-five dollars upon townships, and while the county owes the duty to the public, and is answerable for its negligent performance, as between the county and the township, the latter is responsible.

Townships are political corporations, created to perform certain functions of government, generally in respect to affairs of finance, education, charities, elections, military organizations and the like, and their powers being chiefly public and governmental, they are not responsible for the negligent acts or omissions of their officers unless expressly made so by statute. *Yeager* v. *Tippecanoe Tp.*, 81 Ind. 46; Elliott Roads and Streets, 325.

The act of 1885, concerning the construction and repair of bridges, in no respect changed the duties and liabilities of townships in that particular, except to increase the amount they may be called upon to contribute from fifty to seventy-five dollars. *Board, etc.*, v. *Washington Tp.*, 121 Ind. 379; *Board, etc.*, v. *Arnett*, 116 Ind. 438.

Prior to the enactment of that statute it was well settled that counties were responsible for the reasonable safety of bridges, regardless of their size or cost, though constructed and maintained by the township. It was no defence to an action against a county for negligence, in suffering a bridge to become unsafe, to show that the bridge was built and maintained by the township, or that it was so small and inexpensive that it belonged to the township to maintain. *Vaught* v. *Board, etc.*, 101 Ind. 123; *Board, etc.*, v. *Bacon*, 96 Ind. 31; *Board, etc.*, v. *Emmerson*, 95 Ind. 579.

Section 4 of the act of March 13, 1885, permits township trustees to make an annual levy for various township pur-

The Board of Commissioners of Hamilton Co. *v.* Noblesville Tp. *et al.*

poses, by and with the advice and concurrence of the board of commissioners; and, if they fail to concur, the board shall make the levy, so the power to levy taxes and raise funds for township purposes is practically in the county officers.

It was said by the court in *Board, etc.,* v. *Washington Tp., supra:* "It is also quite apparent that the Legislature can not be presumed to intend that two different governmental organizations shall have control over the same bridge or highway, and be responsible for its safety."

The duty to contribute the sum of seventy-five dollars towards the construction or repair of bridges under certain conditions, may be regarded in the nature of a special assessment upon the township to compensate for local benefits, but in this view the failure to contribute can carry with it only such liabilities as the law expressly imposes. The duty of keeping bridges in repair is primarily upon the county, and it can enforce contribution from the township when the conditions concur, but not otherwise. *Board, etc.,* v. *Washington Tp., supra.*

Where a city has the power to require the adjoining property-owner to keep a sidewalk in repair under a penalty, and in the event of his failure to do so, to make the repairs and charge the expense to the property, it can not recover indemnity from the property-owner for damages it has been compelled to pay for defects in the sidewalk, unless there is an express statute creating such liability. *City of Hartford* v. *Talcott,* 48 Conn. 525; *City of Keokuk* v. *Ind. Dist. Keokuk,* 53 Iowa, 352.

Where the officers of a township expend funds in constructing or repairing bridges which belong to the county, they perform services for the county, and not for the township, and the latter can not be made answerable for their misconduct.

Our conclusion is that in this case there is no liability.

Judgment affirmed, with costs.

Filed Feb. 17, 1892.