The Board of Commissioners of Martin County *v.* Mitcheltree Township.

Filed April 13, 1892.

---

No. 527.

THE BOARD OF COMMISSIONERS OF MARTIN COUNTY *v.* MITCHELTREE TOWNSHIP.

BRIDGES.—*Contribution From Township to County.— When Enforcible.*—Contribution for the building or repairing of bridges, the cost of which exceeds seventy-five dollars, can not be enforced against the township in which the bridge is situate, except where the township trustee institutes such proceedings for building or repairing by giving notice, as required by statute, to the board of commissioners of the necessity of such building or repairing.

From the Martin Circuit Court.

*H. Martin* and *E. Inman*, for appellant.

*J. T. Rogers* and *C. B. Rogers*, for appellee.

The Board of Commissioners of Martin County v. Mitcheltree Township.

CRUMPACKER, J.—The complaint in this case, to which a demurrer was sustained below, is as follows:

"The Board of Commissioners of the county of Martin, and State of Indiana, complains of the defendant, Mitcheltree township, of said county and State, and says that heretofore, to wit, on the ——— and a long time prior thereto, public convenience required the. erection of a bridge across Sulphur creek at a point where the public highway crossed said stream at Indian Springs in said township; that by the order and direction of said board of commissioners said bridge was constructed at a cost of one thousand dollars to Martin county; that it was the duty, as required by law, for said township to pay on the construction of said bridge the sum of seventy-five dollars, which said township failed and refused to do, although there were and still are sufficient funds in the hands of the trustee of said township to pay said sum. And plaintiff further says that defendant has been requested to pay said sum, and that she has, by her said trustee, who is the custodian of her said funds; and whose duty it is to pay said obligation on behalf of his said township, has failed and refused so to do.

"Wherefore, plaintiff in behalf of Martin county and for the use and benefit of said county, demands judgment for one hundred dollars."

Counsel for appellant insist that the duty of a township to contribute the sum of seventy-five dollars toward the construction or repair of every public bridge within its boundaries costing more than that amount is absolute and imperative. The burden of building and keeping in repair all public bridges is imposed primarily upon counties, and the only authority for enforcing contributions from a township for that purpose is conferred by Elliott's Supp., section 1585, which provides that if the probable cost of constructing or repairing any bridge or culvert shall exceed the sum of seventy-five dollars, and the township trustee shall notify the board of commissioners of the necessity of such bridge or

culvert, and if in the opinion of the commissioners the pub-
lic convenience shall require the construction or repair of
such bridge or culvert, they shall cause estimates to be made
and the bridge or culvert to be built or repaired, and the
trustee of the township shall pay seventy-five dollars there-
on out of the road funds.   In the case of *Board, etc.,* v.
*Washington Township,* 121 Ind. 379, it was held that con-
tribution could be enforced only where the trustee originated
the improvement by giving notice of its necessity.   In the
course of the opinion the court said : " The statute does not
empower the board of commissioners, of its own motion, to
build or repair a bridge, and then demand contribution ; on
the contrary, it explicitly provides that contribution can
only be enforced in a case where the township takes the
initiative."

That case is decisive of the one before us, as it is not al-
leged in the complaint that the township trustee gave no-
tice of the necessity for the bridge in question or that he
had anything at all to do with it.

Judgment affirmed.

