THE CITY OF TOPEKA V. ANDREW COOK.
No. 14,427.    (84 Pac. 376.)
SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS — *Injury to Traveler — Defective Alley.*  An essential fact to a recovery of damages against a city by one who alleges that he was injured in traveling through an alley within the city is that the designated place be within the corporate limits and one which the city is bound to maintain and make safe for public travel.

2. ―――― *Judicial Notice—Location of Alley.*  The court cannot take judicial notice that an alley between two designated streets is within the territorial boundaries of the city of Topeka.

3. ―――― *Boundaries—Evidence.*  As cities of the first class are given authority outside of the corporate limits in regard to preventing and abating nuisances, and the making of quarantine and other regulations to prevent the introduction of contagious diseases into the city, the fact that a city may have caused the removal of a manure pile from a certain place does not of itself show that such place was within the city.

Error from Shawnee district court; Z. T. HAZEN, judge.    Opinion filed January 6, 1906.    Reversed.

*Frank G. Drenning,* city attorney, and *W. C. Ralston,* for plaintiff in error.

*W. I. Jamison,* and *Hazen & Gaw,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: Andrew Cook drove into what was called an alley with a load of coal, and in passing over a pile of manure the wagon was upset in such a way that he was thrown upon the ground and his leg broken. He brought an action against the city of Topeka, alleging that the injury had occurred within the corporate limits; that the city had failed to maintain the alley in a safe condition for travel; and that the injury which he sustained was due to its negligence. The answer of the city was a general denial of the averments contained in the petition. A trial resulted in a verdict for Cook for $500, and the city complains and alleges several grounds of error.

The principal contention is that the evidence was insufficient to sustain the verdict of the jury. An essential fact to a recovery by the plaintiff was that the place where the accident occurred was within the limits of the city, and one which the city was bound to make safe for public travel. The denial in defendant's answer made it necessary for Cook to prove every material fact alleged, including the one that he was injured within the boundaries of the city of Topeka. In a somewhat confused way he undertook to designate the place of injury, but no evidence was given by him, nor by any one else, which showed that the place of injury was within the territorial limits of the city. In the testimony the place was spoken of as an alley between certain designated streets, but the location of the streets or their relation to the boundaries of the city of Topeka was not shown. The omission cannot be supplied by judicial notice. Courts may take judicial cognizance of the boundaries of a city established by a public statute, but they cannot know the boundaries of cities not so established, nor that certain designated streets are in or out of the limits of a city. (*Gunning v. The People*, 189 Ill. 165, 59 N. E. 494, 82 Am.

St. Rep. 433; *Waters v. The State,* 117 Ala. 189, 23 South. 28.)

Counsel for Cook, however, do not insist that the court had judicial knowledge of the location, but they do contend that the lack of testimony on the part of the plaintiff was supplied by the city.  On cross-examination William Core, a witness for the defendant who admitted that he was a health officer of the city, testified that he read of the accident in question in a newspaper and went out to the manure pile and made an examination of the situation.  Later the city attorney admitted that the city caused the manure pile to be removed. The visit and inquiry of the subordinate health officer, who had no general authority or power to fix the location of the streets or the boundaries of the city, were certainly not an acknowledgment that the place in question was within the city.  Nor did the admission of the city attorney have that effect.

The functions and authority of a city in respect to nuisances, the spread of contagious diseases and the making of quarantine regulations are not circumscribed by its boundaries.  (Laws 1903, ch. 122, §§ 35, 189.)  By the last-cited section the city is authorized to take steps to abate and prevent the existence or creation of nuisances within three miles of its corporate limits.  By section 35 the city is empowered to make quarantine and other regulations to prevent the introduction and spread of contagious diseases into the city, and to enforce the same within five miles of the corporate limits.  As the city may give notice or take steps to remove or abate a nuisance like a manure pile outside of the corporate limits, its action in that regard or the causing of the removal of the nuisance is of itself no basis for an inference that the location of the nuisance is within the city.  It appears, therefore, to have been neither shown nor admitted that the injury occurred at a place for the safety of which the city was responsible, or that it was within the cor-

porate limits of the city. In view of this conclusion it is unnecessary to examine the other assignments of error; but for the error mentioned the judgment is reversed and the cause remanded for a new trial.

All the Justices concurring.