CITY OF McCOOK v. ROSELAND PARSONS.

FILED JUNE 20, 1906.   No. 14,346.

1. **Cities: PRIVATE CROSSINGS: LIABILITY.** A city is not liable for damages sustained by reason of a defective crossing from private property into a public street.

2. ————: **PERSONAL INJURY: INSTRUCTIONS.** In an action against a city for damages sustained by reason of a personal injury, an instruction from which the jury might infer that the city would be liable for negligently permitting a walk in general use by the public over property not shown to be within the corporate limits of the city to become and remain in a dangerous condition, is prejudicial error.

ERROR to the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Reversed.*

*J. S. LeHew* and *Boyle & Eldred,* for plaintiff in error.

*Starr & Reeder, contra.*

JACKSON, C.

Roseland Parsons recovered judgment against the city of McCook in an action for damages, alleged to have been sustained by reason of falling from a defective walk, and the city brings error.

The station grounds of the Burlington railroad company at the city of McCook are approached from the north by Main avenue on the west, and Marshall street on the east. Railroad street extends east and west on the north side of the station grounds. Marshall street terminates on the south side of Railroad street. Main avenue is the principal thoroughfare from the city to the station.

The railroad station is at the west end of the depot grounds on a line with the east side of Main avenue. East of the depot is a lunch room and the residences of railroad employees on the depot grounds. The residences are surrounded by a small railroad park inclosed by a fence. The park extends east to a line about parallel with the center of Marshall street and to a line six feet south of the south line of Railroad street. The space between the park and and the south line of Railroad street is occupied by a ditch or waterway, running east and west. The distance across the bottom of the ditch at the east end of the park is six feet. On the east side of the block, directly north of the depot grounds, a sidewalk extends from the north to a point about 40 feet north of the south line of the block. At the east end of the railroad lawn the company many years ago constructed, and has since maintained, for the convenience of its employees, a three foot plank walk extending from the platform on the south side of the depot to a point seven feet south of the south line of Railroad street. From that point it constructed a bridge extending in a northwesterly direction across the waterway. The bridge is connected with a culvert extending from the north end of the bridge in a northwesterly direction to the end of the sidewalk on the west side of Marshall street. The walk at the east end of the railroad lawn, the bridge across the waterway and the culvert for one-half the distance across Railroad street were always maintained, to the time of the accident at least, by the railroad company, whose employees were under instructions from the company to maintain this walk and bridge in good repair. On the southeast corner of the second block, immediately north of the depot grounds, is the National Hotel, of which, at the time the accident occurred, the defendant in error was proprietor. One of the passenger trains over the Burlington road was due at McCook shortly after midnight. Defendant in error went to the depot for the purpose of meeting that train and soliciting patronage for his hotel. Upon returning to the hotel, he went along the

walk east of the railroad park, and testified that it was so dark that, in attempting to cross the bridge, he approached the outer edge, when a decayed plank gave way and precipitated him into the ditch below, where he fell on a piece of scantling lying in the bottom of the ditch, and sustained the injuries because of which the action is brought. Concerning the fall, he testified that it was about seven feet and a half from where the walk made the turn to where he fell. The walk over which Parsons was traveling at the time of the accident was used, not only by the employees of the railroad company, but by all other persons who might wish to enter the depot grounds from Marshall street. The culvert extending from the bridge to the sidewalk on Marshall street was of plank and was used as a walk by persons traveling that way.

The plaintiff in error objected to the introduction of any evidence on behalf of the defendant in error, for the reason that the petition failed to state facts sufficient to constitute a cause of action. The objection was overruled, and proper exceptions taken. This objection has been properly preserved in the record, and is included in the assignments of error. The objection, in our opinion, is well taken. It does not appear from the petition either that the depot grounds or the place where the accident occurred were within the corporate limits of the defendant city, and the objection to the introduction of evidence should have been sustained.

At the trial the court instructed the jury as follows: "I instruct you, if you find from the evidence that the place where plaintiff claims he was injured was a traveled way and walk that had been in general use by the public for many years before the alleged accident, that such walk was and has been used generally by persons having occasion to go from one part of the city to another, and particularly along Marshall street to the railroad depot or vicinity, so that said walk became known and was used as a common public way for the travel of foot passengers, then, under such conditions, so far as this case is con-

cerned, said walk became and was a public walk of the city. If you should determine from the evidence, however, that said walk was not generally used as a public way for pedestrians and had not become known as a public walk, then the city would not be liable in this case; for the law imposes upon the city no obligation to construct, maintain or repair any approach from a railroad company's property to the sidewalks of the city, or from other private property." This instruction was at least misleading. The jury might easily infer from the language employed that, although the accident to Parsons occurred on the railroad ground, still, if it was on a traveled way in general use by the public for many years before the accident, the city might be liable if it had negligently permitted the walk to become in a dangerous condition. User alone does not constitute a public way, and a city is not ordinarily liable for an accident occurring on an approach from private property into a public street. *Goodin v. City of Des Moines*, 55 Ia. 67. There is no evidence that the city ever asserted jurisdiction or assumed authority over the walk on the company's right of way and depot grounds, and consequently no estoppel arises as against the city.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.