## CITY OF EDMOND v. TYLER.

No. 4659.   Opinion Filed June 29, 1915.

Rehearing Denied July 20, 1915.

(150 Pac. 682.)

1.   **BRIDGES—Defective Bridges—Damages—Liability.** There is no municipal liability for injuries from defective highways or bridges located outside of the boundaries of the municipality.

2.   **SAME—Roads Approaching City.** The power conferred by statute upon a city to expend, under direction of the city council, the road taxes collected in an incorporated city in the improvement of the streets or bridges of the city and roads approaching thereto, in so far as it pertains to roads approaching such city, is a mere license, and does not make the city responsible for the manner in which the work is done or for a failure to keep the same in repair.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Oklahoma County;*

*George W. Clark, Judge.*

Action by J. G. Tyler against the City of Edmond. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. T. Dickerson,* for plaintiff in error.

*J. S. Twyford,* for defendant in error.

Opinion by RITTENHOUSE, C.   This is an action wherein J. G. Tyler sues the city of Edmond to recover damages claimed to have been sustained through the negligence of said city in the care of its streets and the

roads approaching thereto. The proof shows that while the plaintiff was riding a mare upon a public highway, which highway approached the streets of the city of Edmond, the mare stepped into a hole in a bridge constructed on said highway, falling and injuring this plaintiff and the mare. The court instructed the jury that the public highway and bridge where this injury occurred were outside of the boundaries of the city of Edmond, and further instructed the jury that where the city assumes the care and control of a public highway and bridge located thereon, although the same might not be within its boundaries, the city would be liable for failure to exercise reasonable care to keep such highway and bridge in proper condition for the use intended in its construction, and that if the jury found from the evidence that said bridge was in a dangerous condition at the time of the injury, and that the city authorities knew, or by the exercise of reasonable care could have known, of the condition in time to have repaired the same and failed to do so, and as a consequence thereof plaintiff was injured and his horse damaged while said plaintiff was in the exercise of due care, then and in that event the jury should find for the plaintiff and assess his damages at such sum as would reasonably compensate him for the damages sustained.

The instructions, as quoted, exclude the theory that the bridge on which plaintiff was injured was within the boundaries of the municipality, specifically mentioning the fact that such bridge was located outside of the boundaries of the city of Edmond. The general rule is that there is no municipal liability for injuries from defective bridges or highways located outside of the boundaries of the municipality. McQuillin on Municipal Corporations,

vol: 4, secs. 2734, 2741, 2749; *City of McCook v. Parsons,*
77 Neb. 132, 108 N. W. 167; *Board of Commissioners of*
*Owen County v. Washington Township,* 121 Ind. 379, 23
N. E. 257; *Becker v. City of La Crosse,* 99 Wis. 414, 75
N. W. 84, 40 L. R. A. 829, 67 Am. St. Rep. 874; *Mayor*
*and Council of Montezuma v. Law,* 1 Ga. App. 579, 57
S. E. 1025; *Stealey v. Kansas City,* 179 Mo. 400, 78 S. W.
599; *City of Topeka v. Cook,* 72 Kan. 595, 84 Pac. 376;
*Horner v. City of Atchison,* 93 Kan. 557, 144 Pac. 1010.

The highway on which the bridge was constructed
was deeded to the county in 1898, and the bridge con-
structed either by the county or the township. There
was evidence, however, that the bridge was less than 20
feet long; and, if so, it would be the duty of the town-
ship to maintain the bridge. The evidence shows that
the city had, for several years, assisted the highway com-
missioners in grading th's highway and keeping the
bridge thereon in repair, this work being done under
section 964, Comp. Laws of 1909 (section 433, Rev. Laws
1910), which provides that from the road taxes collected
in an incorporated city funds may be expended under the
direction of the city counc'l in the improvement of the
streets or bridges of such city or of the roads approaching
thereto. It is contended by plaintiff that this section
gave the city authority to repair the bridge in question,
and. having assumed that authority, it was bound to ex-
ercise reasonable care in respect thereto, and that, owing
to the conduct of the city in making the repairs, said
city is estopped to plead that it was not liable for the
alleged negligence, having, under said section, assumed
the management, improvement, control, and repa'r of
said highway and bridge. There is no evidence that the
city had the supervision and control of the highway or

the bridge in question. Such supervision and control was, by the statutes then in force, conferred upon the highway commissioners of Edmond township, and that supervision and control was exclusive. The authority given by section 964, *supra*, allowing the city council to improve and repair roads approaching their streets and alleys, is a mere license, subject always to the supervision and control of the highway commissioners of said township, and the exercise of the license under said section could not make the city liable for the manner in which the repairs are made or for a failure to keep the bridge in repair. *Steuley v. Kansas City, supra; Horner v. City of Atchison, supra.*

The cause should therefore be reversed and remanded.

By the Court: It is so ordered.